```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KHALID AWAN,

                Petitioner,

      -against-                              MEMORANDUM & ORDER
                                             12-CV-3844(JS)
UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:      Khalid Awan, pro se
                     #50959-054
                     FCI Mendota
                     P.O. Box 9
                     Mendota, CA 93640

For Respondent:      Ali Kazemi, Esq.
                     Marshall L. Miller, Esq.
                     Marcia Maria Henry, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     271 Cadman Plaza East
                     Brooklyn, NY 11201
```

SEYBERT, District Judge:

      Presently before the Court is pro se petitioner Khalid Awan's ("Petitioner") motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property seized by the Government at the time of Petitioner's arrest on October 25, 2001.  (Docket Entry 1.)  For the following reasons, Petitioner's motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

I. Credit Card Fraud Criminal Proceeding

On October 25, 2001, agents of the Federal Bureau of Investigation ("FBI") arrested Petitioner at his house in Garden City, New York based on a material witness warrant issued in connection with the United States Government's investigation into the terrorist attacks of September 11, 2001. (See Exs. to Ptr.'s Reply Br., Docket Entry 7-1, at Ex. A.) At the time of Petitioner's arrest, the FBI was investigating Petitioner and others for their involvement in a credit card fraud scheme. (Gov't's Supp. Letter Opp., Docket Entry 13, at 2.) On the day of the arrest, the FBI searched Petitioner's home and his associate's residence in Floral Park, New York and seized evidence relating to the credit card fraud scheme. (Gov't's Supp. Letter Opp. at 2; Ptr.'s Mot., Docket Entry 1, Ex. A.)

On November 6, 2001, the Government vacated the material witness warrant but continued to hold Petitioner in connection with the credit card fraud scheme. (See Exs. to Ptr.'s Reply Br. Ex. A.) On December 4, 2001, Petitioner was indicted on credit card fraud charges and a superseding indictment was filed on May 7, 2002. (See United States v. Awan ("Awan I"), No. 01-CR-1328(JS) (E.D.N.Y.).) On March 17, 2003, Petitioner pleaded guilty before this Court to one count of credit card fraud in violation of 18 U.S.C. § 1029. On October 28, 2004, Petitioner was sentenced to

sixty months imprisonment and also agreed to the entry of a forfeiture order pursuant to which Petitioner agreed to pay a forfeiture money judgment in the amount of $306,785.22 and also forfeited items and property related to the fraud scheme. (See Final Order of Forfeiture, Awan I, Docket Entry 106.)

II. Providing Material Support Criminal Proceeding

After Petitioner's arrest, the FBI later discovered that Petitioner was providing money to the Khalistan Commando Force ("KCF"), a Sikh terrorist organization in India. Petitioner was indicted on March 8, 2006, and after a three-week jury trial before District Judge Charles P. Sifton, Petitioner was found guilty on December 20, 2006 of: (1) one count of conspiring to provide material support and resources to terrorists in violation of 18 U.S.C. § 2339A; (2) one count of providing material support and resources to terrorists in violation of 18 U.S.C. § 2339A; and (3) one count of money laundering in violation of 18 U.S.C. § 1956(a)(2)(A). (See United States v. Awan ("Awan II"), No. 06-CR-0154, (E.D.N.Y.), Docket Entry 146.) On September 12, 2007, Petitioner was sentenced to 168 months imprisonment. (See Judgment, Awan II, Docket Entry 210.) On April 2, 2012, after an appeal, see United States v. Awan, 607 F.3d 306 (2d Cir. 2010), Petitioner was re-sentenced to the same term. (See Awan II, Docket Entries 258, 259.)

III. Petitioner's 41(g) Motions

Following the conclusion of Awan I and Awan II, Petitioner filed two separate motions pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property. On January 12, 2009, Petitioner filed a 41(g) motion for the return of the property that he forfeited pursuant to the plea agreement entered in Awan I. See Awan v. United States, No. 09-CV-0356(JS), 2012 WL 2579170 (E.D.N.Y. June 28, 2012). Notwithstanding the plea agreement, Petitioner moved this Court for the return of the forfeited property on the grounds that: (1) there was no probable cause to support forfeiture; (2) the amount of forfeiture constituted an excessive fine in violation of the Eighth Amendment; and (3) he was denied his Sixth Amendment right to trial. Id. at *1. On June 28, 2012, this Court denied Petitioner's motion in its entirety. See id. at *2.

Before that motion, however, on July 8, 2008, Petitioner also filed in Awan II a letter motion for the return of the property seized on October 25, 2001, apparently without his counsel's knowledge. (See Awan II, Docket Entry 224.) On July 15, 2008, Judge Sifton promptly held a status conference to address Petitioner's letter motion and directed Petitioner's counsel to consult with Petitioner to determine what legal proceeding, if any, Petitioner wished to pursue. (See Awan II, Docket Entry 225.)

4

Following the July 15th conference, the FBI voluntarily released to Petitioner six of the items seized on October 25, 2001. (See Exs. to Ptr.'s Reply Br. Ex. G.) Petitioner filed a second letter dated January 21, 2009 for the return of the seized property, again, apparently without his counsel's knowledge. (See Awan II, Docket Entry 235.) On February 4, 2009, Judge Sifton held another status conference and directed the parties to send the Court a status letter by April 24, 2009. (See Awan II, Docket Entry 236.) On April 24, 2009, Petitioner's counsel filed a status update explaining that Petitioner and the Government were in negotiations concerning Petitioner's motion and that the parties wished to continue negotiations. (See Awan II, Docket Entry 237.)

The parties were unable to reach a resolution and Petitioner filed the present motion. On September 4, 2012, Magistrate Judge Lois Bloom, citing Second Circuit precedent holding that a Rule 41(g) motion brought after the conclusion of a criminal proceeding is treated as a civil equitable action, issued an order construing the motion as a new civil action. (Docket Entry 2.) The case was reassigned to the Undersigned on March 27, 2013 and Petitioner's 41(g) motion is presently pending before the Court.

## DISCUSSION

Petitioner seeks the return of fifty-four items seized from his home on October 25, 2001. (See Not. of Motion, Docket

Entry 1, at 2-4.) Petitioner contends that the items "are not contraband subject to forefeiture [sic] and in fact do 'belong to the [Petitioner].'" (Ptr.'s Supp. Reply Br., Docket Entry 18, at 3.) In response, the Government argues that the items Petitioner seeks either do not belong to Petitioner, or are contraband or subject to forfeiture. (Gov't's Supp. Letter Opp., Docket Entry 13, at 6.) The Court will first address the applicable law before turning to the merits of Petitioner's motion.

I. Applicable Law

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). To succeed on a Rule 41(g) motion, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005).

As an initial matter, the Court must first decide which party bears the burden of proof on a Rule 41(g) motion. The Second Circuit has not addressed whether the moving party bears the burden of proving that he is entitled to the property or whether the Government must show that the moving party has no legal right to

the property. Courts are split on the issue. Compare Karron v. United States, No. 12-CV-0118, 2012 WL 2105834, at *3 (S.D.N.Y. June 7, 2012) ("[T]he moving party, having been convicted of a crime, must bear the burden of proving that the Government is not entitled to retain the seized property.") and Sash v. United States, No. 09-CV-0450, 2009 WL 3007379, at *3 (S.D.N.Y. Sept. 22, 2009) (holding that it is "reasonable to require the movant to show that the Government is not entitled to retain any property seized" because the movant "has been convicted of a crime, and he is the one seeking relief from the Court") and United States v. Nelson, 190 F. App'x 712, 715 (10th Cir. 2006) ("The defendant bears the burden of establishing under Rule 41(g) that the retention of the property by the government is unreasonable." (internal quotation marks and citation omitted)), with Santos v. United States, No. 04-CV-9716, 2005 WL 637427, at * 1 (S.D.N.Y. Mar. 17, 2005) ("At the conclusion of a criminal proceeding, the evidentiary burden for a Rule 41(g) motion shifts to the Government because there is a presumption that the person from whom the property was allegedly taken has a right to its return." (internal quotation marks and citation omitted)) and United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) (holding that the burden, "shifts to the government when the criminal proceedings have terminated"). Here, the Court agrees with the holdings in Sash and in Karron that the moving party, having been convicted of

7

a crime, bears the burden of proving that he is entitled to the return of the property.

"'[S]ociety recognizes no legitimate property interest in contraband.'" Vitrano v. United States, No. 06-CV-6518, 2009 WL 1011582, at *5 (E.D.N.Y. Apr. 14, 2009) (quoting Matter of Search Warrant for Premises Located at 233 J.B. Wise Place, No. MC-1469, 1987 WL 20385, at *4 (N.D.N.Y. Nov. 23, 1987)). There are two types of contraband: (1) "[c]ontraband per se"; and (2) "[d]erivative contraband." Contraband per se includes items that are intrinsically illegal. Id. (citing United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1212 n.13 (10th Cir. 2001)). In contrast, derivative contraband "is more expansive, and includes 'things that are not ordinarily illegal, like guns, automobiles, ships, and currency, that become forfeitable because of their relationship with a criminal act.'" Sash, 2009 WL 3007379, at *4 (quoting United States v. 37.29 Pounds of Semi-Precious Stones, 7 F.3d 480, 485 (6th Cir. 1993)); accord Vitrano, 2009 WL 1011582, at *5 ("Derivative contraband includes items which are not inherently unlawful but which may become unlawful because of the use to which they are put." (internal quotation marks and citation omitted)). "In either instance, the government has the right to retain the contraband property." Vitrano, 2009 WL 1011582, at *5 (citing In re Wiltron Associates, Ltd., 49 F.R.D. 170, 173 (S.D.N.Y. 1970)).

II. Application

Petitioner seeks the return of fifty-four items listed in his Notice of Motion. The Court will refer to each item using the numbers supplied in Petitioner's Notice of Motion.

First, the Government does not object to the return of items 7, 8, 23, and 37. (Gov't's Supp. Letter Opp. at 7-9, 11.) Accordingly, Petitioner's motion with respect to items 7, 8, 23, and 37 is GRANTED.

Second, Petitioner concedes that he has no property interest in items 1, 2, and 3. (Ptr.'s Supp. Reply Br. at 3.) Accordingly, Petitioner's motion with respect to items 1, 2, and 3 is DENIED.

Third, Petitioner states that the Government released items 40 and 47 "as part of his discovery." (Ptr.'s Supp. Reply Br. at 9.) Accordingly, Petitioner's motion with respect to items 40 and 47 is DENIED.

Fourth, Petitioner seeks the return of property related to other persons, including the birth certificate of Rabiya Raheel, his adult stepdaughter (item 20) and a yellow envelope containing miscellaneous "documents of Munir Butt" (item 39). The Court finds that Petitioner is not entitled to lawful possession of these items as they belong to other individuals. Accordingly, Petitioner's motion with respect to items 20 and 39 is DENIED.

Fifth, the Government has represented that it is no longer in possession of or cannot located items 22, 27, and 51. (Gov't's Supp. Letter Opp. 9-10, 13.) Because the Government attests that these items are no longer in its possession, the Court does not have the power to order their return. "The Second Circuit has explained that '[a] district court can order the return of property that is in the hands of the government' in equitable actions brought for the return of property after the conclusion of criminal proceedings, but it cannot 'order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return.'" United States v. Bastien, Nos. 09-CR-0205, 09-CR-0757, 2013 WL 1701601, at *5 (E.D.N.Y. Apr. 19, 2013) (quoting Diaz v. United States, 517 F.3d 608, 611 (2d Cir. 2008)); accord Bocanegra v. United States, No. 09-CV-4195, 2009 WL 1576630, at *1 (S.D.N.Y. June 5, 2009) ("[Plaintiff] has no recourse against the United States because sovereign immunity bars the award of money damages in a Rule 41(g) motion."). Accordingly, Petitioner's motion with respect to items 22, 27, and 51 is DENIED.

Sixth, Petitioner seeks the return of family photographs (item 5). The Government contends that these photographs, taken at Petitioner's sister's wedding, contain an image of the leader of KCF, as well as images of KCF supporters, and that the Government presented one of these photographs as evidence during the Awan II trial. (Gov't's Supp. Letter Opp at 7.) The Government

10

further contends that these photographs may be used as evidence in ongoing investigations into terrorist organizations, and that Petitioner has therefore not met his burden of showing that the government's need for these photographs has ended. (Gov't's Supp. Letter Opp. at 7.) Petitioner has clarified that he is only seeking the return of his "personal and family photographs which include wedding and birthday reception cards of his parents, sisters/siblings which are souvenirs for him." (Ptr.'s Supp. Reply Br. at 7.) The Court agrees with the Government's position that Petitioner is not entitled to the photographs from his sister's wedding as they include images of KCF members and supporters. The Court therefore DENIES Petitioner's motion with respect to item 5. However, to the extent that the Government is in possession of strictly "personal and family photographs" or "cards," not containing images of KCF leaders, members, or supporters, Petitioner's motion is GRANTED.

Seventh, Petitioner also seeks the return of a black and gold watch (item 45) but this item is subject to forfeiture. Specifically, the Final Order of Forfeiture entered in Awan I includes "any cash and/or jewelry previously seized by law enforcement officers from the defendant at the time of his arrest on November 6, 2001" as part of the "Forfeited Property" Petitioner agreed to forfeit. (See Gov't's Supp. Letter Opp. Ex. A at 2.) Accordingly, Petitioner's motion with respect to item 45 is DENIED.

Eight, the Government has requested additional time to respond Petitioner's motion with respect to items 15, 19, 42, and 43. (Gov't's Supp. Letter Opp. at 8-9, 11-12.) The Court GRANTS the Government's request and ORDERS the Government to file supplemental briefing relating to these items within thirty (30) days of this Order.

Finally, the Court concludes that Petitioner is not entitled to the return of the remaining items. Petitioner pleaded guilty to one count of credit card fraud and was found guilty of providing material support to terrorists. Petitioner now seeks the return of numerous items, such as assorted credit cards and checking accounts used to send money to the KCF, that appear to be directly related to his crimes, making them derivative contraband. In any event, the Court finds that Petitioner has not met his burden of showing that the items are not derivative contraband. Moreover, Petitioner has not met his burden of showing that other items were not the proceeds or fruits of his crimes. See Sash, 2009 WL 3007379, at *4. Petitioner remarkably states that Judge Sifton previously ordered the Government to return the requested property. (Ptr.'s Supp. Reply Br. at 12.) However, the docket in Awan II clearly shows that Judge Sifton simply encouraged the parties to negotiate a settlement, which was never consummated. Petitioner's claim is meritless. Accordingly, Petitioner's motion is DENIED with respect to the remaining items.

CONCLUSION

For the foregoing reasons, Petitioner's Rule 41(g) motion is GRANTED IN PART and DENIED IN PART consistent with the rulings in this Order.

The Government is ORDERED to return items 7, 8, 23, and 37 to Petitioner within thirty (30) days of this Order.

The Government is also ORDERED to file supplemental briefing relating to items 15, 19, 42, and 43 within thirty (30) days of this Order.

Given Petitioner's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  31 , 2014
       Central Islip, NY