```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KHALID AWAN,

                Petitioner,

        -against-                        MEMORANDUM & ORDER
                                         12-CV-3844(JS)
UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:    Khalid Awan, pro se
                   #50959-054
                   FCI Mendota
                   P.O. Box 9
                   Mendota, CA 93640

For Respondent:    Ali Kazemi, Esq.
                   Marshall L. Miller, Esq.
                   Marcia Maria Henry, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   271 Cadman Plaza East
                   Brooklyn, NY 11201
```

SEYBERT, District Judge:

On March 31, 2014, this Court granted in part and denied in part pro se petitioner Khalid Awan's ("Petitioner") motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property seized by the Government at the time of Petitioner's arrest on October 25, 2001. See Awan v. United States, No. 12-CV-3844, 2014 WL 1343129, at *3 (E.D.N.Y. Mar. 31, 2014) (the "March 2014 Order"). The Court further granted the Government's request for additional time to respond to Petitioner's motion with respect to items 15, 19, 42, and 43 sought

in Petitioner's motion. See Id. at *5. Presently pending before the Court are: (1) Petitioner's motion for reconsideration of the March 2014 Order, (Docket Entry 22); and (2) the Government's supplemental briefing requesting that the Court deny Petitioner's motion for the return of property with respect to items 15, 19, 42, and 43, (Docket Entry 26). For the following reasons, Petitioner's motion for reconsideration is DENIED and his motion for the return of property with respect to items 15, 19, 42, and 42 is DENIED AS MOOT.

DISCUSSION

The Court assumes familiarity with the facts and procedural history of this case, which are set forth in detail in the Court's March 2014 Order. See Awan, 2014 WL 1343129. The Court will first address Petitioner's motion for reconsideration before turning to the Government's supplemental briefing.

As an initial matter, Petitioner's motion for reconsideration is labeled as an "Objection to the Omission of forfeiture findings, in support of the Memorandum and Order, dated March 31, 2014, Under F.R.cv.P, Rule: 36, 52, 201(d)." (See Mot. for Reconsideration, Docket Entry 22, at 1.) However, neither Rule 36 nor Rule 52 of the Federal Rules of Civil Procedure provide a mechanism for objections to the Court's March 2014 Order, and the Court is unclear what rule or statute Petitioner's citation to "201(d)" refers to, since there a Rule 201 of the Federal Rules of

Civil Procedure does not exist. However, given Petitioner's pro se status, the Court will construe Petitioner's motion as one for reconsideration.

Petitioner states that the Court "ruled on the disposition of about one half of the 54-items" previously sought in Petitioner's motion for the return of property, but "failed to show or state how the remaining items are, or could be linked to" Petitioner's previous criminal offenses. (Mot. for Reconsideration at 1.) However, as the Court explained in the March 2014 Order, "the moving party, having been convicted of a crime, bears the burden of proving that he is entitled to the return of the property." Awan, 2014 WL 1343129, at *3. The Court then found "that Petitioner [was] not entitled to the return of the remaining items" because some of the items "appear[ed] to be directly related to his crimes, making them derivative contraband," and that "Petitioner ha[d] not met his burden of showing that other items were not the proceeds or fruits of his crimes." Id. at *5. Accordingly, to the extent that Petitioner seeks reconsideration of the March 2014 Order, his motion is DENIED.

With respect to the Government's supplemental briefing regarding items 15, 19, 42, and 42 sought in Petitioner's original motion for the return of property, Petitioner states that he "has raised no objection regarding the dispensation of property item's

3

[sic] numbered 15, 19, 42, and 43." (Pet'r's Resp., Docket Entry 29, at 1.) Accordingly, Petitioner's motion for the return of these items is DENIED AS MOOT.

Finally, in the March 2014 Order, the Court directed the Government to return items 7, 8, 23, and 37, and item 5, to the extent item 5 included "personal and family photographs" or "cards." Awan, 2014 WL 1343129, at *4. By Electronic Order dated April 30, 2014, the Court directed Petitioner to supply the name and contact information of a designated representative to retrieve these items. By letter dated May 9, 2014, Petitioner stated that the Government could "contact any near Consulate General of Canada, for delivery of items, as they did before, when they delivered [his] Canadian passport." (Docket Entry 24.) However, as the Government correctly notes, the items to be returned to Petitioner are purely personal, and therefore, are not the responsibility of the Canadian government. Accordingly, Petitioner is ORDERED to supply the name and contact information of an individual who can retrieve his property within sixty (60) days of this Memorandum and Order. Petitioner's request for an extension of time to supply this information (Docket Entry 33) is therefore GRANTED.

CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration (Docket Entry 22) is DENIED; Petitioner's motion for the return property, to the extent that it seeks the return of

4

items 15, 19, 42, and 43, (Docket Entry 1) is DENIED as MOOT, and Petitioner's motion for an extension of time (Docket Entry 33) is GRANTED.

Petitioner is ORDERED to supply the name and contact information of an individual who can retrieve the property that the Court previously directed the Government to return to Petitioner within sixty (60) days of this Memorandum and Order.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  31 , 2015
       Central Islip, NY